

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| Cameron Newton, | ) | Docket No. 2018-01-0040 |
| Employee, | ) | |
| v. | ) | |
| OM Hixson, LLC, | ) | State File No. 98735-2017 |
| Employer, | ) | |
| and | ) | |
| Trumbull Insurance Company, | ) | Judge Thomas Wyatt |
| Carrier. | ) | |

FILED
Jan 07, 2019
09:16 AM(ET)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS

---

## EXPEDITED HEARING ORDER FOR ADDITIONAL MEDICAL BENEFITS AND REFERRAL TO THE BUREAU'S COMPLIANCE UNIT (ON-THE-RECORD DECISION)

---

This claim came before the Court on January 4, 2019, on Mr. Newton's Request for Expedited Hearing seeking an on-the-record decision. OM Hixson, LLC (OMH) did not request an in-person hearing, and the Court finds it needs no additional information to decide the issue based on a review of the record.[1] The issue is whether Mr. Newton is entitled to a panel of psychotherapists. For the reasons below, the Court holds that he is.

### History of the Claim

Mr. Newton sustained a psychological injury on December 21, 2017, when confronted by a threatening guest at the motel where he worked. OMH accepted the claim as compensable and provided a panel of physicians for authorized treatment. Mr. Newton selected and saw a general practitioner, who recommended treatment by a psychiatrist.

Mr. Newton previously requested an Expedited Hearing when OMH did not provide a compliant panel because it allegedly could not locate psychiatrists willing to

---

[1] The Court gave OMH until December 7, 2018, to submit evidence and set January 3, 2019, as both parties' deadline for filing position statements and objections to evidence. OMH did not submit evidence, but filed a position statement.

1

treat under workers' compensation. After an in-person hearing, the Court ordered OMH to provide a compliant psychiatric panel. OMH did so, and Mr. Newton selected Knoxville psychiatrist Dr. John Robertson.

Mr. Newton saw Dr. Robertson on September 16, 2018. Dr. Robertson diagnosed post-traumatic stress disorder and ordered: "Psychotherapy twice weekly with trauma focus and EMDR therapy." When OMH failed to provide a panel of psychotherapists after two months, Mr. Newton requested an on-the-record Expedited Hearing seeking a psychotherapist panel.[2]

OMH contended that Mr. Newton did not establish that Dr. Robertson was not providing, or would not provide, the psychotherapy described in his order. It further contended it does not owe Mr. Newton a panel of psychotherapists because the law limits treatment of psychological injuries to that provided by psychiatrists or psychologists.

## Findings of Fact and Conclusions of Law

Mr. Newton is entitled to a panel of psychotherapists if he shows he is likely to prevail at a hearing on the merits in establishing his entitlement to the requested panel. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Here, the unrebutted evidence shows that the authorized treating psychiatrist ordered Mr. Newton to undergo psychotherapy. However, OMH contends that Mr. Newton did not meet his burden of proof because he failed to establish that (1) Dr. Robertson is unwilling to provide the prescribed psychotherapy, and (2) Dr. Robertson's psychotherapy order is not expressly limited to therapy by a psychiatrist or psychologist.

Tennessee Code Annotated subsection 50-6-204(a)(1)(A) (2018) provides that the employer "shall furnish, free of charge to the employee, such medical and surgical treatment . . . *including . . . psychological services as ordered by the attending physician*[.]" (Emphasis added.) In addition, Tennessee Code Annotated subsection 50-6-102(h) limits treatment for work-related psychological injuries to that "rendered only by psychologists and psychiatrists[.]"

OMH has denied the psychotherapy ordered by Dr. Robertson, the authorized treating psychiatrist, for three and one-half months. Its reason is alleged ambiguities in the doctor's handwritten order. However, OMH submitted no evidence to support its claim that Dr. Robertson's order is fatally ambiguous. OMH likewise introduced no evidence that it made any effort to clarify the alleged ambiguities.

---

[2] Mr. Newton filed a separate Request for Expedited Hearing seeking temporary disability benefits. He withdrew it after OMH agreed to pay benefits from the date of injury.

The Court holds that Mr. Newton will likely prevail at a hearing on the merits that Dr. Robertson ordered Mr. Newton to undergo psychotherapy from a provider other than Dr. Robertson himself. Mr. Newton's affidavit indicated that he understood the psychotherapy order included a referral to a provider other than Dr. Robertson. This understanding is logical, in that Mr. Newton lives more than 100 miles away from Dr. Robertson's office. In any event, OMH could have contacted Dr. Robertson to clarify any perceived ambiguity, but it did not do so.

OMH's contention that it had no obligation to act upon Dr. Robertson's order because he did not specify treatment by a psychiatrist or psychologist is without merit. Instead, OMH had a duty to make a reasonable effort to compile a panel of psychiatrists or psychologists from which Mr. Newton could select a provider for the prescribed psychotherapy. Thus, the Court orders that OMH promptly provide Mr. Newton a panel of psychotherapists in compliance with the Workers' Compensation Law, and that it schedule an appointment with the selected provider as soon as possible.

The Court is troubled by the pattern of delay by OMH and/or its carrier in providing Mr. Newton the benefits to which he is entitled. Mr. Newton was previously forced to request an Expedited Hearing and participate in an in-person hearing due to OMH's delay in providing a psychiatric panel. OMH's defense was that it could not locate three psychiatrists willing to treat Mr. Newton under workers' compensation; however, it located three psychiatrists willing to treat under workers' compensation after the Court ordered it to do so. Finally, OMH did not pay temporary disability benefits until almost a year after Mr. Newton's injury, and then only after he requested an Expedited Hearing.

Here, OMH's delay in providing a psychotherapy panel forced Mr. Newton to again seek relief from the Court. This delay was lengthened by OMH's request for additional time to submit responsive evidence, which the Court granted, but OMH did not use.

Tennessee Code Annotated section 50-6-118(a)(11) provides that "[t]he bureau of workers' compensation shall . . . establish and collect penalties for . . . [the] [f]ailure of any employer to timely provide medical treatment made reasonably necessary by the accident and recommended by the authorized treating physician[.]" Here, OMH failed to timely provide treatment recommended by the authorized physician, and the Court refers the case to the Bureau's Compliance Unit for consideration of a penalty.

3

**IT IS THEREFORE ORDERED THAT**:

1. OMH and/or its carrier shall promptly provide a panel of psychiatrists or psychologists for psychotherapy. After Mr. Newton's selection, OMH and/or its carrier shall immediately schedule an appointment.

2. This matter is referred to the Compliance Unit of the Bureau of Workers' Compensation for assessment of a penalty in the amount it deems appropriate to address OMH's delay in providing the services prescribed by Dr. Robertson.

3. This matter is set for a Status Hearing at **10:00 a.m. Eastern Standard Time** on **March 1, 2019**. The parties must call (615) 741-3061 or toll-free at (855) 747-1721 to participate in the Status Hearing. Failure of a party to call may result in a determination of the issues without that party's further participation.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2018). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED January 7, 2019.**

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

4

**ADDENDUM**

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Expedited Hearing Order for Medical Benefits
4. Request for Expedited Hearing (On-the Record Decision)-Medical Benefits

Exhibits:
1. Affidavit of Cameron Newton
2. Typed statement of Cameron Newton
3. Written psychotherapy order of Dr. John Robertson

## Certificate of Service

I certify that a true and correct copy of the Order was sent to the following recipients by the following methods of service on January 7, 2019:

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Christopher Markel, Employee's Attorney | | | X | cmarkel@markelfirm.com |
| L. Blair Cannon, employer's attorney, Employer's Attorney | | | X | blair.cannon@thehartford.com |
| Compliance Unit | | | X | Wccompliance.program@tn.gov |

Penny Shrum, Court Clerk
WC.CourtClerk@tn.gov

5



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge** _____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):** _____ At Hearing: ☐ Employer ☐ Employee

Address: _____

Party's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*Attach an additional sheet for each additional Appellant*

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*** Attach an additional sheet for each additional Appellee ***

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____       2. Address:_____

3. Telephone Number:_____       4. Date of Birth:_____

5. Names and Ages of All Dependents:

_____  Relationship:_____

_____  Relationship:_____

_____  Relationship:_____

_____  Relationship:_____

6. I am employed by:_____

   My employer's address is:_____

   My employer's phone number is:_____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$_____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $_____ per month | beginning _____ |
| SSI | $_____ per month | beginning _____ |
| Retirement | $_____ per month | beginning _____ |
| Disability | $_____ per month | beginning _____ |
| Unemployment | $_____ per month | beginning _____ |
| Worker's Comp. | $_____ per month | beginning _____ |
| Other | $_____ per month | beginning _____ |

LB-1108 (REV 11/15)                                                           RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental   $ _____ per month

| | | |
|---|---|---|
| Groceries | $ _____ per month | Telephone    $ _____ per month |
| Electricity | $ _____ per month | School Supplies $ _____ per month |
| Water | $ _____ per month | Clothing      $ _____ per month |
| Gas | $ _____ per month | Child Care   $ _____ per month |
| Transportation | $ _____ per month | Child Support   $ _____ per month |
| Car | $ _____ per month | |
| Other | $ _____ per month (describe: _____ ) | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT


Sworn and subscribed before me, a notary public, this

_____ day of _____ , 20_____ .


_____
NOTARY PUBLIC

My Commission Expires: _____

LB-1108 (REV 11/15)                        RDA 11082